UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS JAMES WALLACE, #494210,

       Petitioner,

                                              CASE NO. 2:18-CV-13632
v.                                      HONORABLE PAUL D. BORMAN

JOSEPH BARRETT,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR APPOINTMENT OF COUNSEL, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    INTRODUCTION**

In November, 2018, Michigan prisoner Thomas James Wallace ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded no contest to third-degree criminal sexual conduct in the Calhoun County Circuit Court and was sentenced to 6 years 3 months to 15 years imprisonment in 2004. Petitioner's maximum discharge date was December 19, 2018 and he was released on that date, during the pendency of this case. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=494210. In his petition, he

raises claims concerning the sufficiency of the evidence/actual innocence, ex post facto punishment, and the effectiveness of trial and appellate counsel.

Upon conducting an initial review of this case, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. Petitioner filed a timely response to the Court's show cause order contending that he is actually innocent, that he is subject to an ex post facto punishment, and that defense counsel was ineffective. Having further reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed and that Petitioner's motion for appointment of counsel must be denied. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

**II.     PROCEDURAL HISTORY**

As noted, Petitioner was convicted and sentenced in 2004. Following sentencing, he filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *See People v. Wallace*, No. 258192 (Mich. Ct. App. Nov. 24, 2004). He apparently did not further appeal to the Michigan Supreme Court.

Sometime thereafter, Petitioner filed two post-conviction motions in the state trial court, which were apparently denied and concluded with the Michigan Supreme Court ultimately denying leave to appeal in 2010 and 2015, respectively. *See People v. Wallace*, 485 Mich. 1083, 777 N.W.2d 196 (Jan. 29, 2010); *People v. Wallace*, 498 Mich. 875, 868 N.W.2d 641 (Sept. 9, 2015).

Petitioner dated his federal habeas petition on November 16, 2018.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the prescribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. The Michigan Court of Appeals denied leave to appeal on direct appeal on November 24, 2004. Petitioner then had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2); *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). He did not do so. His conviction thus became final on or about January 19, 2005, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).[1] Accordingly, Petitioner was required to file his

---

[1]Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Petitioner, however, is not entitled to have the 90 days added to the limitations period because his failure to timely seek leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari.

federal habeas petition by January 19, 2006, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

The record before the Court does not indicate exactly when Petitioner filed his post-conviction motions with the state trial court, but the Michigan Supreme Court denied leave to appeal as to those motions in 2010 and 2015. It is thus likely that the one-year period expired before Petitioner filed his first post-conviction motion and/or before he filed his second post-conviction motion. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Nonetheless, even if the one-year period did not expire before those filings, it expired afterward. The Michigan Supreme Court denied leave to appeal in the second post-conviction proceeding on September 9, 2015. Petitioner did not date his federal habeas petition until November 16, 2018 – more than three years later. His petition is thus untimely and subject to dismissal.

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his habeas claims are based upon newly-enacted, retroactively applicable law. He does, however, appear to assert that he is relying upon newly-obtained evidence that he believes establishes his innocence. With regard to newly-discovered evidence under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *Lott v.*

*Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). The period begins when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts. *Brooks*, 307 F. Supp. 2d at 905-06. Moreover, the start of the limitations period "does not await the collection of evidence which supports the facts." *Id*. at 906. A habeas petitioner bears the burden of showing that he exercised due diligence in discovering the factual predicate for his claims. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). The record shows that Petitioner knew (or could have known) of the facts underlying his claims at the time of his plea, sentencing, and/or direct appeal in the state courts. His alleged difficulty in obtaining supporting evidence does not toll the limitations period. His petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only

when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. The fact that he is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance, and/or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399-400 (2013);

*Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. While Petitioner asserts that he can obtain evidence of his innocence because he was allegedly in Chicago, Illinois at the time of the offense, he submits no such evidence to the Court. Conclusory allegations are insufficient to justify habeas relief. *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing in habeas proceedings).

Petitioner's own self-serving, conclusory assertion of innocence is insufficient to support an actual innocence claim.  A "reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause."  *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases).  Petitioner's no contest plea also belies an actual innocence claim.  *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

Additionally, Petitioner's assertion that his habeas claims have merit does not establish his actual innocence or otherwise justify tolling the one-year limitations period.  *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007).

Lastly, Petitioner fails to show that he acted diligently in pursuing his habeas claims given that he did not properly complete his direct appeal, that he had delays in seeking collateral review in the state courts, and that he waited another three years after the conclusion of his latest state court action to file his federal habeas petition (13 years after his conviction became final).  Petitioner fails to establish that he is entitled to equitable tolling of the one-year period.  His habeas petition is therefore untimely and must be dismissed.

## IV. CONCLUSION

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.  Given this determination, the Court also **DENIES** Petitioner's

motion for appointment of counsel.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

                                                  s/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: January 14, 2019